**Eric J. Brickenstein,** OSB No. 142852
email: ebrickenstein@hk-law.com
**HAGLUND KELLEY LLP**
2177 SW Broadway
Portland, Oregon 97201
Phone: (503) 225-0777
Facsimile: (503) 225-1257

    Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Eugene Division)

| | |
|---|---|
| **TIBURON FISHERIES, LLC**, an Oregon limited liability company,<br><br>    Plaintiff,<br>v.<br><br>**AMERICAN SEAFOODS COMPANY LLC**, a Delaware limited liability company, **F/V NORTHERN JAEGER** and her engines, tackle, and apparel in rem**, F/V AMERICAN TRIUMPH** and her engines, tackle, and apparel in rem**, NORTHERN JAEGER LLC,** a Delaware limited liability company, **AMERICAN TRIUMPH LLC**, a Delaware limited liability company, **JOHN DOES 1 AND 2**, individuals,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT IN ADMIRALTY;**<br>**28 USC § 1333** |

    Plaintiff Tiburon Fisheries, LLC alleges the following facts:

### INTRODUCTION

    1.    This case involves the destruction of fixed cod gear owned and tended by plaintiff Tiburon Fisheries, LLC by two factory trawl vessels – the F/V Northern Jaeger and F/V American Triumph owned and operated by American Seafoods Company directly and/or through

its subsidiaries. Through this action, Tiburon seeks recovery of damages to compensate for its destroyed gear and lost fishing opportunity.

## PARTIES

2. Plaintiff Tiburon Fisheries, LLC ("Tiburon") is an Oregon limited liability company with its principal place of business located at 1919 SE 3rd Street, Corvallis, OR 97333. Tiburon is the sole owner of the F/V Das Bug (the "Das Bug"), an approximately 40-foot fishing vessel with its home port located in Newport, Oregon.

3. Defendant American Seafoods Company LLC is a Delaware limited liability company with its principal place of business located in Seattle, Washington. Upon information and belief, American Seafoods Company LLC owns and operates the F/V Northern Jaeger and F/V American Triumph either directly and/or through its subsidiaries, Northern Jaeger LLC and American Triumph LLC, respectively.

4. Defendant F/V Northern Jaeger (the "Jaeger") is an approximately 334-foot factory trawler with its home port located in Seattle, Washington. Upon information and belief, the F/V Northern Jaeger is either currently lying afloat in the waters off the State of Oregon or is presently en route to the waters off the state of Oregon and due to arrive within the next approximately 12 hours.

5. Defendant F/V American Triumph (the "Triumph") is an approximately 252-foot factory trawler with its home port located in Seattle, Washington. Upon information and belief, the F/V American Triumph is currently lying afloat in the waters off the State of Oregon.

///

///

6. Defendant Northern Jaeger LLC is a Delaware limited liability company with its principal place of business located in Seattle, Washington. Upon information and belief, Northern Jaeger LLC is the registered owner of the F/V Northern Jaeger.

7. Defendant American Triumph LLC is a Delaware limited liability company with its principal place of business located in Seattle, Washington. Upon information and belief, American Triumph LLC is the registered owner of the F/V Northern Triumph.

8. John Does 1 and 2 are individuals who, upon information and belief, were the Captains in command of the Jaeger and the Triumph, respectively, when the events alleged in this complaint occurred and at all times relevant.

## JURISDICTION AND VENUE

9. Jurisdiction and venue are proper in this Court pursuant to 28 U.S. Code § 1333, and because defendants regularly conduct business in this district and a substantial part of the acts and omissions that gave rise to Tiburon's claims occurred in this district.

## FACTS

10. On or about the morning of October 4, 2021, the Das Bug was fishing and actively tending its fixed cod gear off the coast of Newport, Oregon. The Das Bug's gear sets were each well marked using large hi-visibility float bags and 14' tall aluminum flagpoles equipped with a multi-color strobe light, large radar reflector, and large bright orange flag. The gear was plainly visible to the naked eye from a distance of approximately two to four miles in the clear and calm conditions that prevailed that day, particularly from the elevated position of a ship's bridge.

///

///

11.     As the Das Bug was tending its gear, crew member Robert Talbott, observed the Jaeger and the Triumph approaching the Das Bug's gear sets and downlines. As the Jaeger and Triumph moved closer, Mr. Talbott became concerned about a potential gear conflict and attempted to contact the Jaeger and the Triumph on VHF 16 – the radio channel used locally by the commercial fishing fleet – but received no response.

12.     At the same time, upon information and belief, the Jaeger disabled transmission from its automatic identification system ("AIS"), from which it was required to broadcast its position. The purpose of AIS is to mitigate the risk of maritime collisions. Apart from the Jaeger and the Triumph, there were no other trawl vessels in the area at the time.

13.     Local custom and practice is that large hake trawlers such as the Jaeger and Triumph should not encroach within less than one mile of a fixed gear set. Yet, as confirmed visually by the Das Bug's crew, the Jaeger and Triumph ultimately crossed within just a few hundred feet of the Das Bug's gear position while trailing hake nets more than 1,200 feet wide.

14.     As the Jaeger and Triumph passed, one or both of the ships' trawl net doors caught and severed the Das Bug's down lines, causing a total loss of its gear sets. A screenshot of the Triumph's course plotter shows it slow and modify its track line at the same time and place that it caught and severed the Das Bug's southern set.

15.     In fact, images of the Triumph's course show a "weaving" pattern between the Das Bug's sets. Upon information and belief, the Triumph's use of a "weaving" course is a tactic understood by local fixed gear fishermen to be used by skippers operating American Seafoods' hake trawl vessels to deliberately destroy fixed gear located in an area that they want to trawl by pulling a door and part of a bridal over the buoy lines, thereby clearing a tow lane without

hauling any physical evidence aboard.

16. The Triumph's use of a weaving patter, coupled with the vessels' failure to respond to radio and apparent disabling of AIS strongly indicates that the Jaeger and/or Triumph intentionally destroyed the Das Bug's gear or, at minimum, knew of the damage and actively sought to cover it up.

17. The loss of its gear deprived Tiburon of the opportunity to fill its annual quota. The value of that lost business opportunity will be proved at trial but is currently estimated not to exceed $25,000. Likewise, the value of the Das Bug's gear sets will be proved at trial but is estimated not to exceed $30,000.

## CLAIMS FOR RELIEF

**(First Claim for Relief – Negligence)**

18. Tiburon incorporates the allegations contained in paragraphs 1 through 17 as though fully set forth herein.

19. Defendants, and each of them, owed Tiburon a duty to exercise reasonable care in the navigation of the Jaeger and Triumph to avoid gear conflicts by affording the Das Bug's gear a reasonable berth.

20. Defendants, and each of them, breached the duty of care by navigating the Jaeger and Triumph within just a few hundred feet of the Das Bug's well marked gear sets and failing to respond to radio.

21. Defendants' negligence alleged herein was the actual and proximate cause of the destruction and loss of the Das Bug's fishing gear and resulting lost opportunity to fill its valuable cod quota.

22.     Tiburon is entitled to recover compensatory damages in an amount to be proved at trial, but currently estimated not to exceed $55,000.

**(Second Claim for Relief – Willful Misconduct)**

23.     Tiburon incorporates the allegations contained in paragraphs 1 through 17 as though fully set forth herein.

24.     Upon information and belief, defendants, and each of them, deployed a deliberate strategy to navigate in a manner calculated to destroy the Das Bug's gear in order to "clear" a desirable fishing area for trawling and/or took affirmative steps to conceal their destruction of the Das Bug's fishing gear.

25.     Upon information and belief, the defendants' conduct alleged herein was the actual and proximate cause of the destruction and loss of the Das Bug's fishing gear and resulting lost opportunity to fill its valuable cod quota.

26.     Tiburon is entitled to recover compensatory damages in an amount to be proved at trial, but currently estimated not to exceed $55,000.

27.     Upon proof of defendants' willful misconduct alleged herein, Tiburon is entitled to recover punitive damages in an amount to be proved at trial, but currently estimated not to exceed $55,000.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Tiburon Fisheries, LLC prays for relief as follows:

1.     For compensatory damages in the amount of $55,000;

2.     For punitive damages in the amount of $55,000;

3.     For its reasonable costs and disbursements incurred herein;

4.  For prejudgment and post-judgment interest; and

5.  For such other relief as the Court deems just and proper.

DATED this 29th day of September, 2023.

        HAGLUND KELLEY LLP


        By: /s/ Eric J. Brickenstein
            Eric J. Brickenstein, OSB No. 142852
            ebrickenstein@hk-law.com
            2177 SW Broadway
            Portland, OR 97201
            (503) 225-0777
            Attorney for Plaintiff